UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESSE THOMAS FULLER,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>JASON BENNETT ,<br><br>　　　　　　　Respondent. | Case No. 2:24-cv-983-TL-TLF<br><br>ORDER TO SHOW CAUSE |

　　　　Petitioner Jesse Thomas Fuller is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington, pursuant to a judgment and sentence entered in King County Superior Court. Dkt. 1-1 at 1.  Petitioner presents to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 asserting that his King County Superior Court's sentence is invalid because former RCW 9.94A.507 is unconstitutional on its face and violates his Sixth Amendment right to a jury trial. *Id*. at 6.  He seeks to have this Court review whether state law violates federal law and to "issue an unconditional writ releasing [him] from custody." *Id.* at 7; see also, Memorandum, Dkt. 1-2, at 2.

　　　　Petitioner cites *Castro v. United States,* 540 U.S. 375 (2003) and objects to having this Court review his case under 28 U.S.C. § 2254. *Id.* at 1. The Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]"  *White v. Lambert*, 370 F.3d

ORDER TO SHOW CAUSE - 1

1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). The *Castro* holding, cited by petitioner, does not apply in this situation because it was related to 28 U.S.C. § 2255 and whether the federal district court improperly applied the successive petition rule. Under *White v. Lambert*, the petition for writ of habeas corpus in this case is properly reviewed under § 2254.  See *Dominguez v. Kernan,* 906 F.3d 1127, 1134-1137 (9th Cir. 2018) (discussing the difference between cases properly brought under 28 U.S.C. § 2241 as opposed to those properly brought under § 2254).

       To obtain relief under § 2254, a petitioner must demonstrate that each of his claims for federal habeas relief has been properly exhausted in the state courts.  28 U.S.C. § 2254(b)-(c).  The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted).  In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

       In this case, Petitioner makes clear that he has not presented the issue raised in his petition to any state appellate court for review.  Dkt. 1-1 at 2-7.  Petitioner's claim is therefore unexhausted and not currently eligible for federal habeas review.  Accordingly, the Court hereby ORDERS as follows:

(1) Petitioner shall SHOW CAUSE, by August 15, 2024, why his petition and this action should not be dismissed for failure to exhaust state court remedies. Failure to timely respond to this Order will result in a recommendation that this action be dismissed.

(2) The Clerk is directed to NOTE this matter on the Court's motion calendar for **August 15, 2024**, for review of Petitioner's response to this Order to Show Cause.

(3) The Clerk is directed to send copies of this Order to Petitioner.

Dated this 30th day of July, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 3